FILED

25  JUL 02 PM 4:27

DISTRICT OF UTAH

BY:_____
       DEPUTY CLERK

Brian R. Barnhill, USB No. 7686
**OSBORNE & BARNHILL, P.C.**
11576 South State Street, Bldg 204
Draper, Utah 84020
Telephone: 801-571-2555
Facsimile: 801-571-9929

Attorney for Plaintiffs

---

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| PROFESSIONAL NURSE DEVELOPMENT, INC., a Utah corporation, ACADEMY OF NURSING, LLC., a Utah limited liability company | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| Plaintiff, | Filed under Seal |
| vs. | **2 02CV-0767** **BSJ** |
| MATT STOKER, IVY HALL ACADEMY OF NURSING, INC., a Utah corporation d/b/a ACADEMY OF NURSING DEVELOPMENT and ACADEMY OF NURSE DEVELOPMENT,  and Does 1-5, | Civil No. _____ |
| Defendants. | Judge _____ |

---

Plaintiffs Professional Nurse Development, Inc., and Academy of Nursing, LLC, by and

through its undersigned counsel, complains against the Defendants Matt Stoker, Dale Wyler, Ivy

Hall Academy of Nursing, Inc., and Does 1-5 as follows:

## NATURE OF THE CASE

In this action, Plaintiff seeks injunctive relief, damages (including punitive damages) and attorneys' fees for acts of copyright infringement, deceptive trade practices, interference with contractual, business and economic relations, misrepresentation and false designation of origin, breach of the covenant of good faith and fair dealing, conversion, and unfair competition engaged in by Defendants in violation of the laws of the United States and the State of Utah.

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Professional Nurse Development, Inc.("**PND**") was at all relevant times herein a corporation organized under the laws of the State of Utah with its principal office located in Salt Lake County, Utah.

2.      Plaintiff Academy of Nursing, LLC ("**Academy**") and was at all relevant times herein a corporation organized under the laws of the State of Utah with its principal office located in Salt Lake County, Utah.

3.       On information and belief, Defendant Ivy Hall Academy of Nursing, Inc ("**Ivy Hall**"), was at all times herein a corporation organized under the laws of the State of Utah, with its principal office located in Provo, Utah County, Utah.

4.      On information and belief, Defendant Matt Stoker ("**Stoker**") was at all relevant times herein, and still is, a resident of Utah County, Utah.

5.      On information and belief, Defendant Ivy Hall is doing business as Academy of Nursing Development and is doing business in Utah county, Utah.

2

6.     On information and belief, Defendant Ivy Hall is doing business as Academy of Nurse Development and is doing business in Utah county, Utah.

7.     Defendant Does 1 - 5 are presently unknown to Plaintiffs and upon ascertaining their identities, Plaintiffs will amend the Complaint to specifically name the individual or entity as an additional defendant.

8.     This Court has subject mater jurisdiction under 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331 and 1338(a) because this case arises under the Lanham Act, as amended, 15 U.S.C. Section 1000, *et seq.* and the Copyright Act, 17 U.S.C. Section 101, *et seq.*  This Court has subject matter jurisdiction under 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331 and 1338(a) because this case also arises under the Trademark Act of 1946, as amended, 15 U.S.C. Section 1051, *et seq.*  This court additionally has jurisdiction over the state claims herein, under the provisions of 28 U.S.C. Section 1338(b), because these claims are joined with substantial and related claims under the laws of the United States, 15 U.S.C. Section 1551 *et seq.*, and the other federal claims described herein.

9.     Venue lies properly in this judicial district and division under the terms of 28 U.S.C. Section 1391(b), because the claims and causes of this action arose through acts of the Defendant committed in the district and division.

## GENERAL ALLEGATIONS

10.     Plaintiff hereby incorporates by reference the allegations contained in the paragraphs above as though set forth herein.

3

11.     For more than ten years, Mark Hansen and Aaron Hansen have worked as registered nurses and through their work identified a need within the industry for a strong, expedited nursing program which could offer quality education at a reasonable cost without the lengthy admissions process for state university nursing programs which often take two to three years from the date of application before a student is admitted and begins instruction.

12.     Since December 7, 2000, PND has been organized and offering instruction for students to obtain their nursing degree through Excelsior College from Albany, New York. The instruction offered allows a student to attend day or night courses offered by qualified instructors and obtain a nursing degree in approximately eighteen months. The nursing degree is recognized in every state but Illinois. An advantage to Plaintiffs' program is it allows a student with at least a high school degree to begin study in any week of the year and avoid an approximate three year waiting list and rigid entrance requirements at Utah's several university run nursing schools.

13.     Since the beginning, the officers of PND have studied and analyzed the business of nursing and have established a program that allows an individual of modest means to become successful within the medical and nursing profession. PND has established itself as Utah's largest nursing program in the state of Utah and its success is largely due to the efforts of its principals in developing a solution based educational program unrivaled in the western United States.

4

14.     As a result of their analysis of the medical profession and the economics of running a hospital, medical center or even assisted living centers, Plaintiffs developed a nursing placement program within the Academy which places its students in hospitals, medical centers, emergency rooms, etc. and enables the student to begin working as a nurse while in school.  Prior to Plaintiffs' development of the program, no other business had combined the resources of the nursing program with the nursing placement program.

15.     Plaintiffs staffing and job placement programs are unique to Plaintiffs and in fact are an integral part of Plaintiffs business success.

16.     Beginning in early 2001, Plaintiffs applied for and were accepted as members of the Utah Board of Regents in their work offering instruction and lectures in connection with Excelsior College's nursing degree program.

17.     Plaintiffs principals have tested and tried various methods for sales, marketing, teaching, etc. the ideas, concepts and methods taught by Plaintiffs.  They have met with successes and failures in various areas, but have repeatedly and consistently revised our materials, methods and general program to what they have today. The process has involved much time, effort and money being spent by the principals and employees to achieve the level of success they have today.

18.     During the course of their development they have determined that certain geographic and economic areas are better for sales than others. Plaintiffs have attempted to keep that information, as well as most, if not all information concerning Plaintiffs strategies, methods,

5

etc., confidential. To further our need for confidentiality we have required our instructors, employees, etc., to sign confidentiality agreements.

19.    Despite Plaintiffs' efforts, Defendants have taken Plaintiffs' instructional materials, lesson plans, pricing structure, placement strategies and marketing materials for their own use.

20.    On April 18, 2002, Defendant Ivy Hall organized and caused to be filed articles of incorporation with the state of Utah.

21.    Upon information and belief, Defendant's have obtained Plaintiffs' proprietary and confidential information for Defendants use in competing against Plaintiffs.  Defendants have used these materials to copy Plaintiffs business structure, market analyses, instructional materials, marketing materials, etc.

22.    Plaintiffs have registration pending for various materials and publications and have completed the applications and submitted copies to the United States Copyright Office as follows:

   a.    The Advantages of Attending the Academy of Nursing Web Page; see federal
         copyright application attached as Exhibit 1;

   b.    Careers in Nursing - Academy of Nursing Web Page; see federal copyright
         application attached as Exhibit 2;

   c.    The World of Opportunities in Nursing; see federal copyright application attached
         as Exhibit 3;

6

d.      Student Information Bulletin; see federal copyright application attached as Exhibit 4;

e.      Become a Registered Nurse Materials; see federal copyright application attached as Exhibit 5;

f.      RN Degree Quotation Materials; see federal copyright application attached as Exhibit 6;

g.      Academy of Nursing Campus Facilities Web Page; see federal copyright application attached as Exhibit 7;

h.      Academy of Nursing Frequently Asked Questions Web Page; see federal copyright application attached as Exhibit 8;

i.      Academy of Nursing Mission Statement and Welcome; see federal copyright application attached as Exhibit 9;

j.      Letter from President; see federal copyright application attached as Exhibit 10;

k.      Academy of Nursing Tuition and Curriculum Web Page; see federal copyright application attached as Exhibit 11;

l.      Academy of Nursing Questions and Answers; see federal copyright application attached as Exhibit 12.

23.     These materials contain a large amount of material wholly original with Plaintiffs and are copyrightable subject matter pursuant to 17 U.S.C. § 102.

24.      Plaintiffs have complied in all respects with the Copyright Act, 17 U.S.C. § 101 *et seq.*, and all other laws governing copyright, and secured the copyright to these materials.

25.      Since the creation of these materials, Plaintiffs have been and still are the proprietors of the rights, title, and interest in and to the copyrights.

26.      The Defendants have essentially copied Plaintiffs copyrighted materials and programs, on a service and product basis.  Instead of creating their own independent service and product, Defendants have copied Plaintiffs materials in order to take for themselves the success Plaintiffs have experienced in the marketplace.  This has been done by literal verbatim copying or nearly verbatim copying of materials, or by attempting to "write around" existing materials creating derivative works.  Individual materials and comparisons are discussed below.

27.      The Defendants copyright violations track the entire "method" of Plaintiffs' business development and end-product programs for placement of students.

28.      Plaintiffs methodology involves the following steps:

a.      Plaintiffs run advertising placements in local newspapers in help wanted sections, among other areas;

b.      Plaintiffs run advertising placements on community college campuses;

c.      Plaintiffs send an introduction letter to prospective students and respond to general inquiries by inviting prospective students to attend a free seminar;

8

d.      Plaintiffs present the seminar on the school, placement program and financial aid programs concluding by inviting the students to begin their program at the conclusion of the seminar.

e.      Plaintiffs provide classroom instruction by qualified instructors with written materials for students study.

f.      Plaintiffs provide testing facilities for students to take exams for completion of coursework.

g.      Plaintiffs provide staffing to its students and place its students in regional hospitals, emergency rooms, medical centers, etc.

29.     Defendants have copied every step of Plaintiffs methodology, using Plaintiff's materials every step of the way.

30.     Examples of Defendants verbatim and subject matter copying are as follows:

a.      *Plaintiffs Brochure:* "Q. Are my opportunities for employment in the nursing field good? A. Better than good - they are exceptional.  Job demand is high and will only continue to increase over the next 10 to 15 years. . . The Bureau of Labor Statistics projects that employment for RNs will grow faster than any other occupation between now and 2008.  The current nursing shortage is so critical that companies have been established for the sole purpose of wooing nurses from one medical institution to another by offering them better salaries and benefits." See Exhibit 13A. *Academy Question and Answer p. 1, and PND website*

*www.nursedegree.com/faculty_and_staff.htm emphasis added.*

*Defendants Brochure:* "Be a member of the highest growing

profession in the nation! The Bureau of Labor Statistics projects

that employment for RNs will grow faster than any other

occupation between now and 2008." See Exhibit 13B.  *Defendant*

*Ivy Hall Flier, emphasis added.*

*2nd Defendant Handout:* "How Does The Future In Nursing Look?  Incredible.

Health care professionals, specifically RNs are in extremely high demand at this

time and according to the Bureau of Labor Statistics, this demand is going to

continually increase for the next 15 - 20 years.  The job related news articles and

headlines are flooded with articles specifically speaking about this shortage of

nurses.  The current shortage is so immense that Hospitals around the nation are

resorting to the importation of foreign nurses offering huge sign on bonuses and

starting salaries." See Exhibit 13C.  *Defendant FAQ sheet*

b.          *Plaintiffs' Brochure:* "Dramatically increase your income potential with your RN

degree and do it around your work schedule." See Exhibit 14A.  *Plaintiff proof of*

*advertisement*

*Defendants Brochure:* "Dramatically increase your income potential with your

RN degree and do it around your work schedule." See Exhibit 14B.  *Ivy Hall*

*Flier*

10

c.      *Plaintiffs' Mission Statement:* "It is the mission of The Academy of Nursing to
        open the doors wide to those students who are qualified and greatly desire to earn
        a diploma in nursing, and to provide those students who enter the doors the best
        training and support available in the State of Utah." See Exhibit 15A. *Academy
        Q & A*

        *Defendants Enrollee Information Packet:* "There is an extreme shortage of health
        care professionals in the United States, particularly in Utah. Ivy Hall Academy of
        Nursing will address this problem by training . . . at the associate degree level
        using methods designed to provide maximum flexibility and efficiency for today's
        busy, nontraditional student." See Exhibit 15B.

d.      *Plaintiff FAQ:* "Q. Who can enroll in The Academy of Nursing? A. Anyone with
        a high school diploma can enroll regardless of previous schooling or medical
        background." / "Q. How often will I need to attend class? A. For the most part
        you generally will attend one to two classes a week for 2 to 3 hours per class.
        Day and evening class schedules are provided to accommodate a student's work
        or busy family schedule." See Exhibit 16A. *Academy FAQ.*
        *Defendants FAQ.* "Anyone with a high school diploma can enroll in our
        programs. Our classes are set up in a convenient fashion so that students can
        enroll and begin classes at the beginning of each month." See Exhibit 16B, *Ivy
        Hall FAQ.*

11

31.     A review of the remaining materials illustrates further copying or "write around" by Defendants of letters, graphics, ideas, content, structure, methods, etc., in some cases only changing the order of appearance slightly, but in all cases stealing Plaintiffs materials which were developed, refined, tested, modified, etc. by Plaintiffs. A clear example of this is the Frequently Asked Questions materials attached as Exhibit 15A and 15B.

32.     Another example of taking Plaintiffs work and writing around the ideas presented is found in Defendants New Enrollee Information Packet ("Packet"). A copy of which is attached as Exhibit 17. The Packet simply compiles much of Plaintiffs information and copies the look and feel of Plaintiffs World Of Opportunities in Nursing (Exhibit 3), which is delivered to prospective students at the introductory seminar. Defendants packet contains its mission statement, describes the program, who is eligible and what degree will be earned, all of which copies and writes around Plaintiffs ideas.

33.     Further, Defendants web site copies or writes around Plaintiffs web site, using materials previously discussed herein. Defendants web site again compiles much of Plaintiff's information and original works and designates the materials as their own. A copy of Defendants web site pages are attached hereto collectively as Exhibit 18.

34.     Defendants have also obtained and copies from Plaintiffs proofs of advertisements, using the content and material for their own use. See Exhibit 19.

12

35.     Defendants conduct has taken what Plaintiffs have invested much time and effort to develop and with that information have within a period of a few months, begun selling it as their own materials, ideas, methods, etc.

36.     At all relevant times, Plaintiffs have established itself in Salt Lake, Utah Davis, Weber, Tooele, Wasatch and Summit counties as offering the programs and services set forth herein in Salt Lake and Utah counties, among other places.

37.     Defendants have also contacted and attempted to solicit Plaintiffs instructors for their own program in a further attempt to take Plaintiffs success for themselves.

## FIRST CLAIM OF RELIEF

### (Copyright Infringement Against All Defendants)

38.     Plaintiff hereby incorporates by reference the allegations contained in the paragraphs above as though set forth herein.

39.     Since the creation of these materials, Plaintiffs have been and still are the proprietor of the rights, title, and interest in and to the copyrights.

40.     Defendants have willfully infringed and are continuing to infringe the copyrights of Plaintiffs in the above materials by preparing, using, and distributing to the public their programs and materials, which include but are not limited to their marketing materials, web pages and other materials, substantial amounts of which are identical or substantially similar to Plaintiffs copyrighted materials, or by making copies of all or a substantial portion of Plaintiffs materials, or creating derivative works or substantial compilations directly from Plaintiffs

13

materials. Defendants have also used Plaintiffs' web informational pages, marketing brochures, proof sources, and other materials in an infringing manner.

41.     Defendants' direct and willful acts of copyright infringement have caused and will continue to cause irreparable injury and damages to Plaintiffs unless and until such conduct is permanently enjoined.

42.     Plaintiffs have no adequate remedy at law with respect to defendants' infringement.  Additionally, Plaintiffs seek damages and attorneys fees for this infringement in an amount to be proven at trial.

43.     Plaintiffs further seek an award of punitive damages for Defendants' willful conduct.

## SECOND CLAIM FOR RELIEF

(Misrepresentation and False Designation of Origin,

15 U.S.C. Section 1125(a) Against All Defendants)

44.     Plaintiff hereby incorporates by reference the paragraphs above as though fully set forth herein.

45.     Defendants took proprietary marketing, promotional and product materials from Plaintiffs to use in their competing venture.

46.     Defendants deliberately and methodically used the proprietary lists and materials to contact Plaintiffs existing customers, and clients, and were able to gain some of Plaintiffs' clients solely by virtue of the material taken from Plaintiffs and applied to Defendant Ivy Hall's

14

operations and appearance as a means of capitalizing on Plaintiffs' success in the industry.

Defendants, for example, have taken Plaintiffs' market research and used this information in their

material.

47.     Defendants' acts are in violation of 15 U.S. C. Section 1125(a) because

Defendants have used, in connection with goods or services, a false designation of origin and

false description or representation of fact including words and other symbols tending falsely to

describe or represent the same, and has caused such goods and services to enter into commerce.

48.     Plaintiffs have been damaged and is likely to continue to be damaged by

Defendants' false description and representation because of the likelihood that purchasers and

customers will be confused and deceived as to whether Defendants' services or products are

sponsored, connected, associated or affiliated with Plaintiffs' services or products.

49.     Under 15 U.S.C. §1117(a), deliberate or willful infringement of proprietary trade

information can be the basis of a recovery of attorney fees by the prevailing party. Under § 1116

of the act, an injunction is available.

50.     Accordingly, Plaintiffs are entitled to an award of its damages, a preliminary and

permanent injunction and attorneys' fees for Defendants acts in violation of 15 U.S.C. Section

1125(a).

15

## THIRD CLAIM FOR RELIEF

(Interference with Business Relations Against All Defendants)

51.       Plaintiff hereby incorporates by reference the allegations contained in the

paragraphs above as though full set forth herein.

52.       Upon information and belief, Defendants have taken the identities and locations of

Plaintiffs' customers and business clients, and of the existence of a contractual and financially

advantageous relationships between Plaintiffs and its clients, potential clients, and employees.

53.       Defendants have intentionally, improperly and unjustifiably interfered with

Plaintiff 's existing and/or potential economic relationships between Plaintiffs and its business

clients and its employees by wrongfully and deliberately inducing them to cease to do business

with Plaintiffs, and to take proprietary information to Defendants.

54.       Defendants have continued to intentionally and unjustifiably interfere with

Plaintiffs' existing or potential economic relationships with its business clients by wrongfully

contacting them, using false and malicious statements, and using illegal copyright-infringing

materials and/or trade secrets.

55.       At all relevant times herein, Defendants misappropriated Plaintiffs' confidential

and proprietary information to improperly compete with Plaintiffs.

56.       All of Defendants' acts were accomplished by improper means, including, but not

limited to, copyright infringement, conversion, misappropriation of confidential and proprietary

16

information and trade secrets, and the use of false and malicious statements, all as set forth elsewhere in this complaint.

57.     All of Defendants' acts were accomplished for an improper purpose, including, but not limited to, unfairly competing with Plaintiffs and harming Plaintiffs' business reputation and good will.

58.     As a direct result of Defendants' acts and misconduct, Plaintiff s have been damage in an amount not less than $100,000.00. The precise amount of damages will be proven at trial.

59.     Moreover, the acts by Defendants in misappropriating Plaintiffs' property, intentionally interfering with Plaintiffs economic relationships with its business clients and employees  were done intentionally, maliciously or in knowing and reckless disregard of Plaintiffs rights.

60.     Accordingly, Plaintiffs are entitled to an award of punitive damages against Defendants in an amount not less than $500,000.00.

## **FOURTH CLAIM FOR RELIEF**

(Deceptive Trade Practices Against All Defendants)

61.     Plaintiffs hereby incorporate by reference the allegations set forth in the paragraphs above as though fully set forth herein.

17

62.     Utah Code Ann. Section 13-11a-3, prohibits persons and companies from engaging in deceptive trade practices. Defendants have engaged in many of the deceptive trade practices enumerated in section 2, including among other things:

a.      the passing off of their goods and services as those of Plaintiffs;

b.      the causing of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods their goods or services;

c.      the causing of confusion or misunderstanding as to their affiliation, connection, association with, or certification by or with Plaintiffs;

d.      the disparagement of Plaintiffs' goods, services, or business by false or misleading representations of fact.

63.     Pursuant  to Utah Code Ann. 13-1a-4(2), Defendants are liable to Plaintiffs for actual damages in an amount to be proved at the trial of this action, including punitive damages, and for costs and attorneys' fees incurred in this action.

### FIFTH CLAIM FOR RELIEF

(Misappropriation of Trade Secrets Against All Defendants)

64.     Plaintiffs hereby incorporate by reference paragraphs 1-33 above as though fully set forth herein.

65.     Plaintiffs' confidential client lists, marketing strategies, marketing information, pricing guides, products, and services in development, customer lists, data compilations, etc., constitute trade secrets under § 13-24-2, Utah Code Ann. in that they constitute a pattern,

18

compilation, program, method, technique or process that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use and is the subject of efforts that are reasonable under the circumstances to maintain their secrecy.

66.   Defendants disclosed such confidential information from Plaintiffs in their work with Defendants, which Defendants thereafter applied to its full advantage and to Plaintiffs detriment.

67.   Defendants have all used and continue to use misappropriated trade secrets as described to directly compete with Plaintiffs.

68.   Plaintiffs have suffered and will continue to suffer damages as a result of Defendants' acts to misappropriate confidential information and apply it in their efforts to undercut Plaintiffs business and operation.

69.   Defendants' misappropriations were made in bad faith, and Plaintiffs are thus entitled to attorney's fees under Section 13-24-5 of Utah Code Ann.

70.   Defendants' actions were willful, deliberate and malicious. Their actions were taken with full knowledge of their impropriety and Plaintiffs' interests at stake, and that Plaintiffs' property rights would be damaged through improper means. Defendants also knew how utterly important it was for Plaintiffs to maintain confidentiality in its materials, customer base and other trade secrets. This being the case, Plaintiffs are entitled to punitive damages under Section 78-18-1, Utah Code Ann., and Section 13-24-4, Utah Code Ann.

## SIXTH CLAIM FOR RELIEF

(Conversion Against All Defendants)

71.     Plaintiffs hereby incorporate by reference the allegations set forth in the paragraphs above as though fully set forth herein.

72.     On information and belief, Plaintiffs allege that defendants wrongfully converted and misappropriated various materials and property, e.g. marketing, products, service materials as well as market research, owned by Plaintiffs.  This was done by removing the same from Plaintiffs' offices, including confidential and proprietary information, and keeping or otherwise exercising dominion and control over Plaintiffs' property for their own benefit and/or the benefit of Defendants.

73.     Despite demand, defendants, and each of them, have failed and refused to return such property and materials, including Plaintiffs confidential and proprietary information, and have not ceased using the same.

74.     As a direct result of Defendants' wrongful conversion and misappropriation of Plaintiffs' property, Plaintiffs have been damaged in an amount not less than $100,000.00.  The precise amount of damages will be proven at trial.

## SEVENTH CLAIM FOR RELIEF

(Preliminary and Permanent Injunction Against All Defendants;

Impound As To All Defendants)

75.     Plaintiffs hereby incorporates by reference the paragraphs above as though full set forth herein.

76.     Based on the facts and caused of action set forth above, Plaintiffs are entitled to preliminary and permanent injunctive relief enjoining Defendants from the following illegal acts and practices: products or materials obtained in violation of unfair competition laws, products, materials or documents obtained in violation of copyright laws, documents that are deceptive or contain a false designation of origin, including any developmental notes or other materials associated with such products, in all forms including computer files, hard copies, etc., including but not limited to Defendants' student manuals, instructor manuals, test preparation materials, advertising fliers, letter from the president, program pricing and requirements, and welcome kit.

77.     The Court should also order the immediate impoundment of all Defendants products or materials which contain infringing materials or are infringing of Plaintiffs' copyrights and other proprietary rights, including, but not limited to, all the products and programs listed in paragraph 75.

78.     If Defendants are allowed to continue to use Plaintiffs' products and programs and continue the actions alleged above, Plaintiffs will suffer great, immediate and irreparable damage

to its good will, business relations and future business efforts, which will be extremely difficult to calculate.

79.      Defendants are continuing to engage in such wrongful conduct in violation of Plaintiffs legal rights. Such actions, if they are allowed to continue, would render any judgment for damages issued by this Court inadequate.

## DAMAGES

**_On the First Claim for Relief:_** _(Copyright Infringement)_

1.      For an award of damages in an amount to be proven at trial, plus prejudgment interest and punitive damages, plus attorneys fees and costs;

2.      For injunctive relief including impoundment as set forth in this Complaint; and

3.      For such other and further relief as the court deems just and proper.

**On the Second Claim for Relief**: (Misrepresentation & False Designation of Origin)

1.      For damages in an amount to be determined at trial, plus pre-judgment interest statutory rate, and punitive damages;

2.      For all costs incurred herein, including reasonable attorneys' fees; and

3.      For such other and further relief as the Court deems just and proper.

**On the Third Claim for Relief**: (Interference with Business Relations)

1.      For actual, special and punitive damages in an amount to be determined at trial, plus pre-judgment interest thereon at the statutory rate, and punitive damages;

2.      For such other and further relief as the court deems just and proper.

**On the Fourth Claim for Relief**: (Deceptive Trade Practices)

    1.        For damages in an amount to be proven at trial, including punitive damages; and

    2.        For such other and further relief as the court deems just and proper.

**On the Fifth Claim for Relief**: (Misappropriation of Trade Secrets)

    1.        For damages in an amount to be proven at trial, including punitive damages,

attorneys' fees; pre-judgment interest at the statutory rate;

    2.        For preliminary and permanent injunctions, and

    3.        For such other and further relief as the court deems just and proper.

**On the Sixth Claim for Relief**: (Conversion Against All Defendants)

    1.        For damages in the amount to be proven at trial.

    2.        For such other and further relief as the court deems just and proper.

**On the Seventh Claim for Relief**: (Preliminary and Permanent Injunction)

    1.        For preliminary and permanent injunctions, including an order of impound,

as set forth above.

**On All Claims For Relief**:

    1.        An accounting with regard to the Defendants' acquisition and use of monies

obtained from all products held by Ivy Hall since its inception;

    2.        A constructive trust be imposed upon all the monies obtained by the Defendants

as a result of its operations since its inception.

## **JURY DEMAND**

WHEREFORE, Plaintiffs hereby demands a jury trial for all issues in this lawsuit.

DATED this **26** day of July, 2002.

**OSBORNE & BARNHILL, P.C.**
Attorneys for Plaintiffs

BRIAN R. BARNHILL

Plaintiffs' Address:
1255 East 3900 South, 4th floor
Salt Lake City, Utah 84124

24

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.