Brian R. Barnhill, USB No. 7686
**OSBORNE & BARNHILL, P.C.**
11576 South State Street, Bldg 204
Draper, Utah 84020
Telephone: 801-571-2555

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PROFESSIONAL NURSE DEVELOPMENT, INC., a Utah corporation, ACADEMY OF NURSING, LLC., a Utah limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>MATT STOKER, IVY HALL ACADEMY OF NURSING, INC., a Utah corporation d/b/a ACADEMY OF NURSING DEVELOPMENT and ACADEMY OF NURSE DEVELOPMENT, and Does 1-5,<br><br>Defendants. | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS *EX PARTE* MOTION FOR AN ORDER TEMPORARILY SEALING THE COURT'S FILE**<br><br>2 02CV-0767   BSJ<br><br>Civil No. _____<br><br>Judge _____ |

Plaintiffs Professional Nursing Development, Inc. and Academy of Nursing, L.L.C., by and through its attorney, respectfully submits this Memorandum in Support of Plaintiff's *Ex Parte* Motion for an Order Temporarily Sealing the Court's File in this action. Plaintiffs' Motion is based on the following facts and circumstances:

    1.    Plaintiffs are a corporation or limited liability company incorporated or organized

under the laws of the United States and doing business in the United States.

2. Plaintiffs are filing suit in this Court alleging violations of the United States copyright laws, 17 U.S.C. §§ 101, *et seq.*, and certain other causes of action including Utah state trade secret violations against Defendants whose principal place of business in Provo, Utah.

3. The Court has jurisdiction of this matter pursuant to 17 U.S.C. Section 501, and 28 U.S.C. Sections 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. Sections 139 1(b) and 1400(a).

5. Plaintiffs and their predecessors in title have maintained at all times relevant to this action valid registrations from the Register of Copyrights for certain original, copyrightable works, which plaintiffs have substantial reason to believe have been illegally copied by defendants in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

6. Plaintiffs will immediately seek in this action an *Ex Parte* temporary restraining order and an order directing the United States Marshal to seize and hold certain items of illegally copied materials pending a hearing and final decision by the Court, as authorized by Section 503(a) of the Copyright Act. 17 U.S.C. § 503(a).

7. Due to the nature of these proceedings and the fact that Defendants could easily destroy evidence of its illegal conduct, it is essential that the file be temporarily sealed until such time as the Court can review plaintiff's Verified Complaint and *Ex Parte* motion for a temporary restraining order and seizure order and make a determination as to whether such relief is appropriate. For the same reasons, it is also essential that the Court's file remain sealed to ensure that Defendant not learn of such seizure and impoundment order before the U.S. Marshal can

effect any such order.

## DISCUSSION

This Court has the discretion to control and seal files and records in its possession. *See, e.g., Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980): *see also Nixon v. Warner Communications, Inc., 435* U.S. 589, 598 (1979). An order sealing the file in this matter, including the identity of the parties, is consistent with the expedited nature of these proceedings and the relief requested by plaintiff. If the identity of the parties and the nature of this action and the relief sought by plaintiff are publicized, the Court will likely be denied the opportunity to grant effective relief. Once the seizure has been accomplished and the defendants served, the seal can be lifted. Because plaintiffs anticipate that theses actions will be performed within a matter of days, the restriction on public access to the file will be minimal.

For these reasons, plaintiffs request that the Court grant Plaintiffs' *Ex Parte* Motion for an Order Temporarily Sealing the Court's file and direct the Clerk to seal the file in this matter, including the identities of the parties, until further ordered by the Court.

DATED this _26_ day of July, 2002.

OSBORNE & BARNHILL, P.C.

_____
BRIAN R. BARNHILL
Attorneys for Plaintiff

D:\Clients\BRB\Professional Nurse Development\Ivy Hall\Memo for Order Temporarily Sealing File.wpd