Robert E. Heslin, Esq. (pro hac vice)
David P. Miranda, Esq. (pro hac vice)
Lee Palmateer, Esq. (pro hac vice)
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, NY 12203-5160
Telephone: (518) 452-5600
Facsimile: (518) 452-5579
Attorneys for Plaintiff, Excelsior College

Brett L. Foster, Esq. (Bar Roll No. 6089)
Jennifer L. Lange, Esq. (Bar Roll No. 8470)
HOLLAND & HART LLP
Suite 2000
60 East South Temple
Salt Lake City, Utah  84111-1031
Telephone: (801) 595-7800
Facsimile: (801) 364-9124
Attorneys for Plaintiff, Excelsior College

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

SEP C 7 2004

MARKUS B. ZIMMER, CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EXCELSIOR COLLEGE<br><br>　　　　Plaintiff/Intervener,<br><br>　-vs-<br><br>PROFESSIONAL NURSE DEVELOPMENT,<br>INC., a Utah Corporation, ACADEMY<br>OF NURSING, LLC., a Utah Limited<br>Liability Company<br><br>　　　　Defendants/Plaintiffs. | **JURY TRIAL DEMANDED**<br><br>Civil Action No.: 2 02 CV-0767 BSJ<br>Hon. Bruce S. Jenkins |

## AMENDED COMPLAINT

Plaintiff/Intervener, Excelsior College (hereinafter "Excelsior College") as and for its

Complaint against Defendants/Plaintiffs Professional Nurse Development, Inc., a Utah

Corporation, Academy of Nursing, LLC., a Utah Limited Liability Company (hereinafter

collectively "PND Defendants") alleges the following:

-1-



## PARTIES

1.      Plaintiff, Excelsior College, is a corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 7 Columbia Circle, Albany, New York 12203.

2.      Upon investigation and information, Defendants, Professional Nurse Development, Inc. is a Corporation duly organized and existing under the laws of the State of Utah with its principal place of business located in Salt Lake County, Utah, (hereinafter "PND").

3.      Upon investigation and information, Defendants, Academy of Nursing, LLC is a Corporation duly organized and existing under the laws of the State of Utah with its principal place of business located in Salt Lake County, Utah, (hereinafter "PND").

## JURISDICTION

4.      This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §101 et seq., trademark infringement under 15 U.S.C. §1114, trademark dilution, false advertising, unfair competition and false designation of origin under 15 U.S.C. §1125(a) and (c), and related common law claims.

5.      Jurisdiction of this court arises under the federal Declaratory Judgment Act pursuant to 28 U.S.C. §§ 2201 and 2202, under the laws concerning actions relating to copyrights pursuant to 28 U.S.C. § 1330(a), under federal question jurisdiction pursuant to 28 U.S.C. § 1331, under Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367(a), and pursuant to 15 U.S.C. §§ 1116 and 1121.

## BACKGROUND

6.      Excelsior College is a private college and a New York non-profit Corporation, offering programs leading to college degrees at the associate and baccalaureate levels in

-2-

business, liberal arts, nursing, technology and masters level degrees in liberal studies and nursing.

      7.     On January 1, 2001, Regents College changed its name to Excelsior College, and all of the assets and intellectual property including copyrights of Regents College are owned by Excelsior College.  The documents evidencing the name change from Regents College to Excelsior College are annexed hereto and incorporated herein as **Exhibit "A."**

      8.     Excelsior College provides educational services and products in interstate commerce including, without limitation, educational testing, educational credit and assessment, and independent learning programs.

      9.     Excelsior College has expended substantial time and resources obtaining accreditation from various regional and national educational accrediting organizations for its associate, baccalaureate and masters degrees.

      10.     Excelsior College is accredited by the Commission on Higher Education of the Middle States Association of Colleges and Schools, an institutional accrediting agency recognized by the U.S. Secretary of Education and the Council for Higher Education Accreditation.  Excelsior College's associate, baccalaureate and master's degree programs in nursing are accredited by the National League for Nursing Accrediting Commission, a specialized accrediting agency recognized by the U.S. Secretary of Education.

      11.     Excelsior College has expended substantial time and resources developing and marketing its name, trademarks, service marks, programs, services and products including, without limitation, complying with the formalities of the Copyright Act 17 U.S.C. §101 et seq. to secure the exclusive rights and privileges in and to copyrights in its works.

12.    Excelsior College is the original author of and holds and maintains U.S. Copyright Registrations or Applications for many of its works (hereinafter the "works") including the following:

A.    *School of Nursing Catalog;* U.S. Copyright Registration No. TX5-509-440. Annexed hereto and incorporated herein as **Exhibit "B."**

B.    *Anatomy and Physiology Content Guide;* U.S. Copyright Registration No. TX5-638-962. Annexed hereto and incorporated herein as **Exhibit "C."**

C.    *English Composition Content Guide;* U.S. Copyright Registration No. TX5-638-966. Annexed hereto and incorporated herein as **Exhibit "D."**

D.    *Life Span Developmental Psychology Content Guide*: U.S. Copyright Registration No. TX5-638-957. Annexed hereto and incorporated herein as **Exhibit "E."**

E.    *Microbiology Content Guide*: U.S. Copyright Registration No. TX5-638-963. Annexed hereto and incorporated herein as **Exhibit "F."**

F.    *Nursing Concepts 1* (Associate) *Content Guide*: U.S. Copyright Registration No. TX5-659-295 Annexed hereto and incorporated herein as **Exhibit "G."**

G.    *Nursing Concepts 2* (Associate) *Content Guide:* U.S. Copyright Registration No. TX5-638-965. Annexed hereto and incorporated herein as **Exhibit "H."**

H.    *Nursing Concepts 3* (Associate) *Content Guide:* U.S. Copyright Registration No. TX5-638-964. Annexed hereto and incorporated herein as **Exhibit "I."**

I.    *Nursing Concepts 4* (Associate) *Content Guide:* U.S. Copyright Registration No. TX5-638-954. Annexed hereto and incorporated herein as **Exhibit "J."**

-4-

J.   *Nursing Concepts 5* (Associate) *Content Guide:* U.S. Copyright Registration No. TX5-659-297. Annexed hereto and incorporated herein as **Exhibit "K."**

K.   *Anatomy & Physiology Content Guide:* U.S. Copyright Registration No. TX5-121-369. Annexed hereto and incorporated herein as **Exhibit "L."**

L.   *English Composition Content Guide:* U.S. Copyright Registration No. TX5-126-967. Annexed hereto and incorporated herein as **Exhibit "M."**

M.   *Life Span Development Psychology Content Guide:* Copyright Registration No. TX5-126-948. Annexed hereto and incorporated herein as **Exhibit "N."**

N.   *Microbiology Course Guide:* Copyright Registration No. TX5-324-244. Annexed hereto and incorporated herein as **Exhibit "O."**

O.   *Commonalities in Nursing Care: Area A Content Guide:* Copyright Registration No. TX5-126-936. Annexed hereto and incorporated herein as **Exhibit "P."**

P.   *The Assessment Catalog 2003-2004:* Copyright Registration No.TX5-896-441. Annexed hereto and incorporated herein as **Exhibit "Q."**

Q.   Excelsior College holds and maintains exclusive title to the copyrights and corresponding U.S. Copyright Registrations (hereinafter "Excelsior Examinations") for its examinations, including but not limited to the following:

   a.   Excelsior College Examinations, October 1, 2002 Administration, U.S. Copyright Reg. No. TX-5-637-617;

   b.   ACT PEP: Regents College Examinations, February 8, 1996 Administration, U.S. Copyright Reg. No. TX-4-276-214;

   c.   ACT PEP: Regents College Examinations, October 3, 1996 Administration, U.S. Copyright Reg. No. TX-4-442-168;

d.  ACT PEP: Regents College Examinations, February 6, 1997 Administration, U.S. Copyright Reg. No. TX-4-539-630;

e.  Regents College Examinations, October 1, 1997 Administration, U.S. Copyright Reg. No. TX-4-677-540;

f.  ACT PEP: Regents College Examinations, September 29, 1997 Administration, U.S. Copyright Reg. No. TX-4-677-541; and

g.  Regents College Examinations, October 1, 1999 Administration, U.S. Copyright Reg. No. TX-5-117-309.

Excelsior examinations were registered with the U.S. Copyright Office under special procedures for "secure tests," which ensure that the security of the tests will not be jeopardized. A copy of the Copyright Registrations identified above are annexed hereto and incorporated herein as **Exhibit "R"**.

R.  *Nursing Degree Programs 1999-2000 Catalog:* U.S. Copyright Registration No. TX5-815-954. Annexed hereto and incorporated herein as **"Exhibit "S."**

S.  *School of Nursing Catalog:* U.S. Copyright Registration No. TX5-815-952. Annexed hereto and incorporated herein as **"Exhibit "T."**

T.  *Regents College Nursing:* U.S. Copyright Registration No. TX5-815-953. Annexed hereto and incorporated herein as **"Exhibit "U."**

13.  PND had access to Excelsior College's "works" and proprietary materials.

14.  PND copied or directed the copying of substantial portions of Excelsior College's works and proprietary materials.

-6-

15.    PND, with knowledge of the infringing activity, have induced, caused or materially contributed to the infringement of Excelsior College's copyrights by at least one person or entity.

16.    Excelsior College adopted the EXCELSIOR COLLEGE mark and began using same in interstate commerce in connection with the advertising and sale of its goods and services since at least as early as September 25, 2000. Excelsior College's use of the EXCELSIOR COLLEGE mark has been continuous and extensive since at least as early as September 25, 2000 and predates the acts complained of herein regarding the mark.

17.    On October 23, 2001, Excelsior College was issued U.S. Service Mark Registration No. 2,500,388 for its EXCELSIOR COLLEGE mark in International Class 41 for "providing educational credit assessment and independent study programs leading to associate, baccalaureate and master's degrees and certificates." Attached to this Complaint as **Exhibit "V"** is a true and correct copy of Registration No. 2,500,388. The registration is *prima facie* evidence of the validity of the EXCELSIOR COLLEGE mark and Excelsior College's exclusive right to use the mark in commerce.

18.    On December 17, 2002, Excelsior College was issued U.S. Service Mark Registration No. 2,661,664 and 2,661,665, respectively for the marks EXCELSIOR COLLEGE and design, in International Class 41 for "providing educational credit assessment and independent study programs leading to associate, baccalaureate and master's degrees and certificates." True and correct copies of Registration Nos. 2,661,664 and 2,661,665 are attached hereto and made part hereof as **Exhibit "W" and "X".**

19.    Excelsior College is also the owner of the U.S. Service Mark Registration No. 2,397,689, for the mark WHAT YOU KNOW IS MORE IMPORTANT THAN WHERE OR

HOW YOU LEARNED IT, in International Class 41 for "educational services, namely providing courses of instruction at the college and post-graduate level and awarding degrees or certificates in conjunction therewith". Attached to this Complaint as **Exhibit "Y"** is a true and correct copy of Registration No. 2,397,689, issued on October 24, 2002. The Registration is *prima facie* evidence of the validity of Excelsior College's exclusive right to use this mark in commerce.

20.     The above identified Registered marks and other marks owned by Excelsior College constitute and shall hereinafter be referred to as the "EXCELSIOR COLLEGE marks".

21.     Each year Excelsior College spends significant sums of money advertising and marketing its EXCELSIOR COLLEGE marks, goods and services.

22.     Excelsior College advertises its services and products via the Internet on its web sites located at http://www.excelsior.edu. and http://www.excelsiorcollege.edu.

23.     By virtue of Excelsior College's long, continuous and extensive use of its EXCELSIOR COLLEGE marks for its educational services and products, and by virtue of Excelsior College's significant advertisement and the promotion of same, the public and educational community have come to associate Excelsior College's services and products with Excelsior College alone, thereby creating valuable goodwill in the EXCELSIOR COLLEGE marks.

24.     Upon investigation and information, PND Defendants advertise and sell services and products in interstate commerce, which wrongfully use the original works of Excelsior College, which wrongfully use and trade on the name, marks and goodwill of Excelsior College, and which wrongfully advertise the business, trade and commercial aspects of the PND Defendants.

-8-

25.     Upon investigation and information, PNDs' business purports to provide training services and materials for individuals seeking a degree through Excelsior College of New York State.

26.     PND advertises and sells services and products using the name "Excel Advantage" that is confusingly similar to Excelsior College's marks.

27.     Upon investigation and information, PND Defendants' web sites located at www.nursedegree.com and www.future-nurse.com are registered to and administered by Professional Nurse Development.

28.     PNDs' conduct causes substantial harm and damage to Excelsior College.

29.     PND has been placed on notice that their use of the EXCELSIOR COLLEGE marks, name and works infringes the rights of Excelsior College.  PND has been asked to cease their unlawful use of the EXCELSIOR COLLEGE marks, name and works and they have failed to do so.

## INTERVENTION

30.     On or about July 26, 2002, PND commenced a lawsuit against Ivy Hall Defendants in the U.S. District Court for the District of Utah, Civil Action No. 2:02 CV 0767 BSJ.  PNDs' Complaint alleges copyright infringement, deceptive trade practices, interference with contractual, business and economic relations, misrepresentation and false designation of origin, breach of the covenant of good faith and fair dealing, conversion and unfair competition. Ivy Hall Defendants raise affirmative defenses of lack of standing and unclean hands and have counterclaimed alleging defamation, intentional interference with prospective economic relations and abuse of process.

-9-

31.     PND Defendants' copyright infringement cause of action includes allegations that
Ivy Hall Defendants infringed PNDs' Student Information Bulletin, Professional Nurse
Development's Information Pamphlet, and other materials. According to the copyright
registration application forms annexed to their Complaint, PND Plaintiffs' claim that they are the
only authors and copyright owners of the works and that the works are completely new and do
not contain a substantial amount of material that has been previously published or registered or is
in the public domain.

32.     PND moved for a Temporary Restraining Order and Preliminary Injunction with
respect to its copyright infringement claims. In opposition to PND Defendants' motion, Ivy Hall
argues that PNDs' materials, including its Student Information Bulletin and Professional Nurse
Development's Information Pamphlet were copied from Excelsior College's written materials
and that Excelsior College's materials are in the public domain.

33.     PND Defendants are claiming Excelsior College's copyrighted materials as their
own, and Ivy Hall Defendants are claiming that Excelsior College's copyrighted materials are in
the public domain. Both of these arguments attack the viability and enforceability of Excelsior
College's copyrights. If this court adjudicates these issues in favor of either party, Excelsior
College's interests in its copyrighted materials will be prejudiced.

34.     Based on the pleadings and motion papers submitted by both parties in this action,
and upon investigation and information, PND and Ivy Hall Defendants have engaged in the
unlawful and infringing use, distribution and copying of Excelsior College's copyrighted
materials.

35.     Excelsior College seeks intervention to protect its copyrights in certain works that
are in dispute between the current parties to this action because Excelsior College's ability to

-10-

protect its copyright and proprietary interests in its works will be impaired or impeded by an adjudication in favor of either PND or Ivy Hall Defendants, and no party adequately represents Excelsior College's interests.

### FIRST CAUSE OF ACTION AND CROSS-CLAIM
### FOR COPYRIGHT INFRINGEMENT AGAINST PND

36.     Excelsior College repeats and realleges each and every allegation contained in paragraphs 1 through 35 above.

37.     Excelsior College holds and maintains exclusive title to the copyrights and corresponding U.S. Copyright Registrations for its works, including those registered to and incorporated herein as Exhibits "B" through "U".

38.     PND Defendants have, and continue to, reproduce, prepare derivative works of, sell and/or distribute substantial portions of the copyrighted works of Excelsior College without authorization from Excelsior College.

39.     Such unlawful reproduction and derivative works of Excelsior College's works are included in PND Defendants' programs and materials, including, but not limited to PND Defendants' advertising and promotional materials, web sites, student information bulletins, RN degree materials, tuition and curriculum materials.

40.     PND Defendants' above described activities constitute a violation of Excelsior College's copyrights under the Copyright Act §17 U.S.C. §§ 101 et seq., and cause harm and injury to Excelsior College.

41.     Upon investigation and information, PND Defendants have engaged and continue to engage in the infringing activities, willfully and with the knowledge of Excelsior College's rights in the works.

-11-

42.     Upon investigation and information, PND Defendants directly caused the infringement of Excelsior College's copyrights and personally participated in or induced the acts constituting infringement described above and each are, therefore, jointly and severally liable for the infringements.

43.     Based upon the above-described wrongful acts of PND Defendants, Excelsior College, has incurred monetary damages in an amount presently unknown to Excelsior College.

44.     Excelsior College has no adequate remedy at law.

## SECOND CAUSE OF ACTION AND CROSS-CLAIM FOR FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT AGAINST PND

45.     Excelsior College repeats and realleges each and every allegation contained in paragraphs 1 through 44 above.

46.     PND Defendants' programs and materials, including, but not limited to advertising and promotional materials, web sites, student information bulletins, RN degree quotation materials, tuition and curriculum materials and other materials, contain reproductions and derivative works of Excelsior College's copyrighted works.

47.     PND Defendants represent that said materials are their own works and fail to identify Excelsior College as the author of the underlying works from which PND Defendants' materials are copied or derived.

48.     PND Defendants have and continue to distribute and use said materials for commercial advertising, sale or other use in commerce.

49.     PND Defendants have and continue to advertise, reproduce, distribute, use and sell goods and services which contain unauthorized copies and derivative works of Excelsior College's copyrighted works in interstate commerce, while falsely designating themselves as the

-12-

originator and/or source thereof.  This false designation of origin is a false or misleading description of fact, or false or misleading representation of fact.

50.     PND Defendants' activities constitute a false designation of origin and false representation as to the nature, characteristics or qualities of PND Defendants' said materials, causing harm and injury to the business and goodwill of Excelsior College in violation of §43(a) of the Lanham Act §15 U.S.C. §1125(a).

51.     Upon investigation and information, PND Defendants have engaged and continue to engage in the aforesaid activities willfully and with knowledge of Excelsior College's rights in and to said materials.

52.     Pursuant to 15 U.S.C. §1117, Excelsior College is entitled to damages for PND Defendants' violations and an accounting of profits made by PND Defendants through their actions and recovery of Excelsior College's costs of this action.

53.     The acts of PND Defendants make this an exceptional case entitling Excelsior College to an award of treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a) and (b).

54.     PND Defendants' activities have caused and will cause further irreparable injury to Excelsior College, and unless such activities are restrained by this Court they will be continued and will continue to cause great and irreparable injury to Excelsior College.

55.     Pursuant to 15 U.S.C. §1116, Excelsior College is entitled to preliminary and permanent injunctive relief to prevent PND Defendants' continuing conduct.

56.     Based on the wrongful acts of PND Defendants, Excelsior College has incurred monetary damages in an amount presently unknown to Excelsior College.

57.     Excelsior College has no adequate remedy at law.

-13-

### THIRD CAUSE OF ACTION AND CROSS-CLAIM
### FOR FALSE ADVERTISING AND UNFAIR COMPETITION UNDER
### THE LANHAM ACT AGAINST PND

58.     Excelsior College repeats and realleges each and every allegation contained in paragraphs 1 through 57 above.

59.     PND Defendants advertise their services and products in interstate commerce, including via the Internet.

60.     PND Defendants' advertising and other materials contain at least one false or misleading description or representation of fact because they convey the impression that they are associated or affiliated with Excelsior College, when such is not the case.

61.     PND Defendants ' advertising and other materials contain additional false or misleading descriptions or representations of fact because they misrepresent the costs and fees associated with earning a degree from Excelsior College and the services provided by Excelsior College to its students.

62.     PND Defendants' use the EXCELSIOR COLLEGE name and marks repeatedly in their marketing and advertising, thereby creating a false impression of affiliation or relationship between PND Plaintiffs and Excelsior College.

63.     PND Defendants' activities constitute the use in commerce of any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, false or misleading representation of fact in connection with goods or services, which in commercial advertising promotes or misrepresents the nature, characteristics, qualities or geographic origin of its or another person's goods, services or commercial activities, in violation of § 43(a) of the Lanham Act 15 U.S.C. §1125(a).

-14-

64.    Upon investigation and information, PND Defendants have engaged and continue to engage in a willful and knowledgeable practice of false advertising with malicious and reckless disregard for the truth.

65.    Based upon the wrongful acts of PND Defendants, Excelsior College has incurred monetary damages in an amount presently unknown.

66.    The acts of PND Defendants make this an exceptional case entitling Excelsior College to recover treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a) and (b).

67.    PND Defendants' activities have caused and will continue to cause further irreparable injury to Excelsior College, and unless such activities are restrained by this Court, they will be continued and continue to cause great irreparable injury to Excelsior College.

68.    Excelsior College is entitled to preliminary and permanent injunctive relief to prevent PND Defendants' continued false advertising and unfair competition.

69.    Excelsior College has no adequate remedy at law in the event monetary damages cannot be properly calculated.

**FOURTH CAUSE OF ACTION AND CROSS-CLAIM FOR
TRADEMARK INFRINGEMENT UNDER
THE LANHAM ACT AGAINST PND**

70.    Excelsior College repeats and realleges each and every allegation contained in paragraphs 1 through 69 above.

71.    PND Defendants' products and services are marketed through the same channels of trade and to the same customers through which Excelsior College's products and services are marketed and sold.

72.     PND Defendants' use of the EXCELSIOR COLLEGE marks in their marketing and advertising is likely to cause confusion or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of PND Defendants' products and services or Excelsior College's products and services, or are likely to cause consumers to believe that PND Defendants and Excelsior College are somehow affiliated, connected or associated, when in fact, they are not.

73.     PND Defendants' use of the EXCELSIOR COLLEGE marks constitutes an infringement of Excelsior College's trademark in violation of the Federal Lanham Act, 15 U.S.C. §1114.

74.     PND Defendants' infringement has and continues to injure the goodwill of Excelsior College and its high-quality products and services.

75.     PND Defendants' infringement of the EXCELSIOR COLLEGE marks has been willful and deliberate for the purpose of misleading consumers and injuring the goodwill of Excelsior College.

76.     Pursuant to 15 U.S.C. §1117, Excelsior College is entitled to damages for PND Defendants' infringement, an accounting of profits made by PND Defendants by their actions, and recovery of Excelsior College's costs of this action.

77.     The acts of PND Defendants make this an exceptional case entitling Excelsior College to recover treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117.

78.     PND Defendants' use of the aforementioned marks and designation has caused and will continue to cause irreparable harm to Excelsior College, unless PND Defendants are enjoined from further use.

-16-

79.     Pursuant to 15 U.S.C. §1116, Excelsior College is entitled to preliminary and permanent injunctive relief to prevent PND Defendants' continuing infringement of the EXCELSIOR COLLEGE marks.

## FIFTH CAUSE OF ACTION AND CROSS-CLAIM FOR
## COMMON LAW TRADEMARK INFRINGEMENT AGAINST PND

80.     Excelsior College repeats and realleges each and every allegation contained in paragraphs 1 through 79 above.

81.     PND Defendants' actions constitute trademark infringement in violation of Excelsior College's rights under the common law.  Said infringement has and continues to injure the goodwill of Excelsior College and its products and services.

82.     Excelsior College is entitled to damages for PND Defendants' infringement and an accounting of profits made by PND Defendants through their actions and recovery of Excelsior College's costs in this action.

83.     The acts of PND Defendants have been malicious and calculated to injure Excelsior College.  The willful, wanton and malicious nature of PND Defendants' conduct entitles Excelsior College to an award of its reasonable attorney's fees and punitive damages against PND Defendants.

84.     PND Defendants' infringement of the EXCELSIOR COLLEGE marks is injuring Excelsior College's goodwill and, unless enjoined from doing so by this Court, will continue to do so.

85.     Excelsior College is entitled to preliminary and permanent injunctive relief to prevent PND Defendants' continued infringement of the EXCELSIOR COLLEGE marks.

-17-

## SIXTH CAUSE OF ACTION FOR TRADEMARK
## DILUTION AGAINST PND

86.     Excelsior College realleges and incorporates by reference each and every
allegation set forth in the above paragraphs 1 through 85.

87.     The EXCELSIOR COLLEGE marks are famous under the meaning of 15 U.S.C.
§ 1125(c)(1).

88.     The EXCELSIOR COLLEGE marks are prominent and renowned and have
become famous marks with distinctive qualities by virtue of their widespread and continuous use
in connection with Excelsior College's educational credit assessment and independent study
programs, examinations, degrees, and related goods and services.

89.     PND Defendants did not begin their use of the EXCELSIOR COLLEGE marks
until after they had become famous to Excelsior College.

90.     PND Defendants' use of the EXCELSIOR COLLEGE marks for their goods and
services is likely to dilute the distinctive quality of the EXCELSIOR COLLEGE marks.

91.     The actions of PND Defendants constitute dilution in violation of the federal
Lanham Act, 15 U.S.C. § 1125(c).

92.     Said dilution is blurring and tarnishing the selling power and market
distinguishing capabilities of the EXCELSIOR COLLEGE marks and Excelsior College's high
quality branded goods and services.

93.     Said dilution of the EXCELSIOR COLLEGE marks has been willful with the
intent to trade on Excelsior College's reputation or to cause dilution of the EXCELSIOR
COLLEGE marks.

-18-

94.     Pursuant to 15 U.S.C §§ 1125(c)(2) and 1117(a) Excelsior College is entitled to damages for PND Defendants' dilution, an accounting of profits made by PND Defendants through their actions and recovery of Excelsior College's costs in this action.

95.     The acts of PND Defendants make this an exceptional case entitling Excelsior College to recover treble damages and its reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c)(2) and 1117(a).

96.     PND Defendants' dilution of the EXCELSIOR COLLEGE marks is irreparably injuring Excelsior College's goodwill and unless enjoined by this Court will continue to do so.

97.     Pursuant to 15 U.S.C. §1125(c)(1), Excelsior College is entitled to preliminary and permanent injunctive relief to prevent PND Defendants' continuing dilution of the EXCELSIOR COLLEGE marks.

## DEMAND FOR JURY TRIAL

98.     Excelsior College hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, Excelsior College, prays for judgment against PND Defendants granting the Plaintiff:

(A)     A preliminary and final injunction enjoining the PND Defendants, and all persons acting in concert or participation with either of them or persons acting or purporting to act on their behalf, including but not limited to their officers, directors, stockholders, partners, owners, agents, representatives, employees, attorneys, successors and assigns and any and all persons acting in concert or privity with them, from:

-19-

      (1)    using the EXCELSIOR COLLEGE marks or any other mark or marks similar thereto as to be likely to cause confusion, mistake, or deception in connection with the source, sponsorship, affiliation or approval of PND Defendants' goods or services;

      (2)    using any word, term, common name, symbol or device or any combination thereof, or any false designation of origin, false or misleading description of fact, which in commercial advertising or promotion misrepresents the nature, characteristics, qualities, sponsorship or affiliation of PND Defendants' goods or services; and

      (3)    unfairly competing with Excelsior College in any manner whatsoever, and reproducing, preparing derivative works or distributing copies of Excelsior College's works or otherwise infringing Excelsior College's copyrights in said works or other works owned by Excelsior College.

(B)    That the PND Defendants each be directed to file with this Court and serve upon Excelsior College within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner in which each of the PND Defendants have complied with the injunction;

(C)    Pursuant to 17 U.S.C. §503, an Order for the impounding of all copies claimed to have been made or used in violation of Excelsior College's exclusive rights and of all means by which copies may be reproduced, and an Order for the destruction or other reasonable disposition of all copies that have been made or used in violation of Excelsior College's exclusive rights and of all means by which copies may be reproduced; and in the event that certain such copies are no longer under the

-20-

control of PND Defendants, the name, address and relevant contact information of those believed to be in possession and control of such materials;

(D)     Pursuant to 15 U.S.C. §1116, an Order for the recall and destruction of all materials within the control of PND Defendants, their agents or distributors, which in any way falsely advertise the services or products of PND Defendants, including the removal of the EXCELSIOR COLLEGE name and marks from PND Defendants' web site;

(E)     An Order for the recall and destruction of all materials within the control of the PND Defendants, their agents or distributors which in any way utilize or refer to Excelsior College's marks or works;

(F)     A further Order requiring each of the PND Defendants to report in writing, under oath, of the results of said removal and recall;

(G)     A finding that the PND Defendants' U.S. Copyright Applications or Registrations that include materials owned by Excelsior College be deemed invalid and an Order directing that said U.S. Copyright Applications or Registrations be removed from the U.S. Copyright Registry;

(H)     An award of actual or statutory damages, at Excelsior College's election, against each of the PND Defendants for said copyright infringement;

(I)     An accounting and award of PND Defendants' profits derived by them from any of the wrongful acts complained of herein;

(J)     An accounting and award of Excelsior College's losses incurred as the result of any of the wrongful acts complain of herein;

-21-

(K)     Damages for PND Defendants' violation of 15 U.S.C. §1125(a) and (c) and treble

        damages for willful violation of same; and damages and punitive damages in

        connection with the state law claims;

(L)     Increased damages pursuant to 15 U.S.C. §1117;

(M)     An award of treble, increased or punitive damages, as provided by 17 U.S.C. §101

        et seq., under the Lanham Act and as may be available under any other statute or

        common law;

(N)     Excelsior College's costs of this action;

(O)     Excelsior College's attorneys' fees, including attorneys' fees pursuant to 17

        U.S.C. §505, 15 U.S.C. §1117 or Utah State law; and

(P)     Such other and further relief against PND Defendants in favor of Excelsior

        College as this Court deems just, equitable and proper.


                          Respectfully submitted,

                          HESLIN ROTHENBERG FARLEY & MESITI P.C.


Dated:   August 31, 2004
                          Robert E. Heslin, Esq. (pro hac vice)
                          David P. Miranda, Esq. (pro hac vice)
                          Lee Palmateer, Esq. (pro hac vice)
                          HESLIN ROTHENBERG FARLEY & MESITI P.C.
                          5 Columbia Circle
                          Albany, NY 12203-5160
                          Telephone: (518) 452-5600
                          Facsimile:  (518) 452-5579

                          *Attorneys for Plaintiff, Excelsior College*


-22-

Brett L. Foster, Esq. (Bar Roll No. 6089)
Jennifer L. Lange, Esq. (Bar Roll No. 8470)
HOLLAND & HART LLP
Suite 2000
60 East South Temple
Salt Lake City, Utah 84111-1031
Telephone: (801) 595-7800
Facsimile: (801) 364-9124

*Attorneys for Plaintiff, Excelsior College*

-23-

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.